**Bon Ja KOO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75721.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 10, 2008.

Joann Lee, Susana Martinez, Michael J. Ortiz, Legal Aid Foundation of Los Angeles, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Alison R. Drucker, Donald E. Keener, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Bon Ja Koo, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [Koo] abandoned [her] lawful permanent residence in the United States." *Khodagholian v. Ashcroft,* 335 F.3d 1003, 1006 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's determination that the government met its burden of showing Koo abandoned her lawful permanent resident status, because the record does not compel the conclusion that she consistently intended to return to the United States promptly. *See Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997) (holding that "[t]he relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period" and adding that an alien "may extend his trip beyond that relatively short period only if he intends to return to the United States as soon as possible thereafter"); *see also Chavez–Ramirez v. INS,* 792 F.2d 932, 937 (9th Cir.1986) (alien's trip abroad is temporary only if he has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit").

Koo's contentions that the IJ violated her due process rights by shifting the burden of proof, adding an allegation to her Notice to Appear, and disregarding evidence are not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.